UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CAPITAL MARKETS ALLIANCE ASSOCIATION,<br><br>Plaintiff,<br><br>-against-<br><br>COMMODITY FUTURES TRADING COMMISSION and MICHAEL S. SELIG,<br><br>Defendants. | : | 26-CV-9608<br><br><u>ORDER</u> |

VALERIE CAPRONI, United States District Judge:

WHEREAS on November 2, 2026, Plaintiff initiated this action against Defendants, *see* Compl., Dkt. 1;

WHEREAS on November 2, 2026, Plaintiff moved for a Temporary Restraining Order ("TRO") staying the Commodity Futures Trading Commission's ("CFTC") approvals of the applications filed by KalshiEX LLC, Bitnomial Exchange LLC, and Coinbase Derivatives LLC to trade perpetual derivatives on single stocks and to enjoin Defendants from taking any action to give effect to the same during pendency of this action, *see* Dkt. 4 (the "Motion"); and

WHEREAS on November 3, 2026, the Parties appeared for a teleconference before this Court regarding Plaintiff's Motion.

IT IS HEREBY ORDERED that Plaintiff's Motion for a Temporary Restraining Order is DENIED. The Court finds as follows:

1. To be entitled to a TRO, plaintiffs carry the burden of demonstrating: "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in

the public interest." *New Jersey v. U.S. Dep't of Transp.*, 824 F. Supp. 3d 416, 421 (S.D.N.Y. 2026).

2. The Court finds that Plaintiff is likely to succeed on the merits of its claim that the CFTC lacks statutory authority to allow perpetual derivatives on individuals stocks to be offered to retail investors on CFTC-regulated platforms. The perpetual contracts in question do not appear to satisfy the definition of a "security future." *See* 7 U.S.C. § 1a(44). In other words, because the perpetual contracts, by definition, do not provide for a "sale for future delivery of a single security," they cannot be a security future over which the CFTC has statutory and regulatory authority. *See id.*; *see also Leist v. Simplot*, 638 F.2d 283, 286 (2d Cir. 1980) ("The seller of [a futures] contract commits himself to deliver the commodity *at a fixed date in the future*.") (emphasis added). By contrast, such contracts appear to satisfy the definition of a swap, which are subject to regulation by the Securities and Exchange Commission, not by CFTC. *See* 7 U.S.C. § 1a(42), (47)(A)(iii); 15 U.S.C. § 78c(a)(68)(A). Accordingly, Plaintiff is likely to succeed on the merits of its claim that the CFTC's action in approving the trading of single stock perpetual derivatives as security futures exceeded its statutory authority.

3. The Court also finds that the balance of equities tips in Plaintiff's favor and the public interest favors relief. The CFTC's actions seem to represent a major disruption to the equities market, and the public, including Plaintiff, would be served by preventing such a disruption before it occurs.

4. The Court, however, finds that Plaintiff has failed to demonstrate that it is likely to suffer irreparable harm absent emergency relief. The harm alleged by a plaintiff in this context must be "neither remote nor speculative, but actual and imminent." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009). The declarations

submitted in support of Plaintiff's Motion, *see* Dkts. 4-4, 4-7, & 4-8, are conjectural as to the harm Plaintiff's members would suffer, focusing on harmful events that *could* occur absent emergency relief. The declarations do not, however, demonstrate irreparable harm that Plaintiff's members are *likely* to suffer, as is required for issuance of a TRO. *See New Jersey*, 824 F. Supp. 3d at 421. For this reason, Plaintiff's application must be denied.

IT IS FURTHER ORDERED that Defendants' opposition to the motion for preliminary injunction is due **Friday, November 6, 2026**. Plaintiff's reply is due **Tuesday, November 10, 2026**. Such schedule is subject to change by the assigned District Court Judge.

**SO ORDERED.**

**Date: November 3, 2026**
**New York, New York**

Valerie Caproni

**VALERIE CAPRONI**
**United States District Judge**