VENABLE LLP

Matthew T. Murphy
VENABLE LLP
151 West 42nd Street
New York, NY 10036
212-370-6236
MTMurphy@venable.com

VIA ECF

CC By Email:
Tyler S. Badgley (tbadgley@cftc.gov)
Jordan Minot (jminot@cftc.gov)
Henry Dickman (hdickman@cftc.gov)
Andrew Weisberg (aweisberg@cftc.gov)

November 5, 2026

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Capital Markets Alliance Association v. Commodity Futures Trading Commission et al*, Case No. 1:26-cv-9608
LETTER MOTION TO SUPPLEMENT THE RECORD

Dear Judge Schofield:

Plaintiff Capital Markets Alliance Association (Alliance) respectfully moves for leave to file the attached supplemental declarations of Robert Hocking of Cboe Global Markets, Inc. and Stephen Berger of Citadel Securities LLC, in further support of the Alliance's motion for preliminary injunction and 5 U.S.C. § 705 stay. Since the Alliance filed its emergency motion on November 3, 2026, the factual landscape has changed materially. The supplemental declarations document those factual developments and directly address the Alliance's members' actual and imminent irreparable harm.

**1.** This Administrative Procedure Act action challenges the Commodity Futures Trading Commission's (CFTC) approvals of applications filed by three CFTC-regulated platforms to list and trade "perpetual" derivatives referencing individual

stocks (the Stock Perpetual Approvals). The Alliance filed its complaint and sought a temporary restraining order (TRO), a preliminary injunction, and a stay under 5 U.S.C. § 705. At the time the Alliance filed its emergency motion, trading in the single-stock perpetuals had not yet begun. The motion and supporting declarations explained that trading could begin at any moment and would inflict immediate and irreparable harm on Alliance members.

Sitting in Part I, Judge Caproni found that the Alliance was likely to succeed on its claim that the CFTC lacked statutory authority to approve the products and that the balance of equities and public interest favored relief. Dkt. 11 at 2. She nevertheless denied the TRO because the existing record did not establish actual and imminent irreparable harm warranting emergency relief. *Id.* at 2–3. The CFTC's opposition to the pending motion for a preliminary injunction and section 705 stay is due November 6, and the Alliance's reply is due November 10. *Id.* at 3.

**2.** Leave to supplement the record is warranted. After the Alliance filed its motion, trading in single-stock perpetuals began and has expanded dramatically. The attached declarations document those developments and the concrete harms that Cboe and Citadel Securities are now suffering. Those facts did not exist—and therefore could not have been presented—when the Alliance filed its motion. The Alliance is aware that this Court's individual rules limit each party to a total of five declarations in support of a motion, each not to exceed 2,500 words. The attached declarations, however, address factual developments that had not yet occurred at the time the Alliance's motion was filed. The requested relief is necessary to ensure that this Court has a compete and current preliminary injunction record.

**3.** Finally, the Alliance seeks leave to redact a single sentence from Mr. Berger's declaration because it contains sensitive business information. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (cleaned up) (permitting redactions "limited to specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

Respectfully submitted,

/s/ *Matthew T. Murphy*
Matthew T. Murphy

VENABLE LLP

**Appendix Identifying All Parties And Attorneys Of Record Who Should Have Access To The Sealed Documents:**

- Capital Markets Alliance Association
- Commodity Futures Trading Commission
- Michael S. Selig
- Attorneys of Record for Capital Markets Alliance Association
    - Matthew T. Murphy
- Attorneys of Record for Commodity Futures Trading Commission
    - As of date of filing, no attorney has entered an appearance on ECF on behalf of Defendants. CFTC Attorney Henry Dickman (hdickman@cftc.gov) appeared on behalf of the CFTC at the TRO hearing.
- Attorneys of Record for Michael S. Selig
    - As of date of filing, no attorney has entered an appearance on ECF on behalf of Defendants. CFTC Attorney Henry Dickman (hdickman@cftc.gov) appeared on behalf of the CFTC at the TRO hearing.