KYNES MARKMAN & FELMAN
ATTORNEYS AT LAW

JAMES E. FELMAN
jfelman@kmf-law.com
KATHERINE EARLE YANES
kyanes@kmf-law.com
KRISTIN A. NORSE
knorse@kmf-law.com
BRANDON K. BRESLOW
bbreslow@kmf-law.com
MOLLY SCHINDLER
mschindler@kmf-law.com

100 SOUTH ASHLEY DRIVE, SUITE 1450
TAMPA, FLORIDA 33602
TELEPHONE (813) 229-1118 ~ FAX (813) 221-6750
kmf@kmf-law.com

PLEASE REPLY TO:
POST OFFICE BOX 3396, TAMPA, FL 33601-3396

JAMES H. KYNES
(1953-1993)
STUART C. MARKMAN*
smarkman@kmf-law.com
OF COUNSEL
ROBERT W. RITSCH*
OF COUNSEL
*ALSO ADMITTED IN NORTH CAROLINA

November 10, 2026

**Via ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE: *Capital Markets Alliance Ass'n v. CFTC*, No. 1:26-cv-09608 (LGS)
Letter Motion for Leave to File Brief of Amicus Curiae

Dear Judge Schofield:

We represent the American Securities Association ("ASA") and respectfully request leave to file the attached brief as amicus curiae in support of Plaintiff's motion for a preliminary injunction and stay under 5 U.S.C. § 705 (Exhibit A). Plaintiff consents to this request. Defendants oppose on timeliness grounds because they believe they have no opportunity to respond at this stage.

"A district court has broad discretion in deciding whether to accept an amicus brief." *City of New York v. United States*, 971 F. Supp. 789, 791 n.3 (S.D.N.Y. 1997), *aff'd*, 179 F.3d 29 (2d Cir. 1999). An amicus brief "should normally be allowed" when "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, No. 11 Civ. 6746 (RJH), 2011 WL 5865296, at *1–2 (S.D.N.Y. Nov. 22, 2011) (citation omitted).

ASA offers that perspective. ASA represents regional broker-dealers and investment advisers whose clients are retail investors, retirees, and working families. Plaintiff's members are exchanges, market makers, and trading firms, and its standing rests on competitive injury. ASA's brief addresses a different question: the irreparable harm to retail investors, and to the cash equity market they rely on, if single-stock perpetual derivatives trade while this case is pending. That harm bears directly on the irreparable-harm, balance-of-equities, and public-interest factors. ASA has engaged on this exact issue before the SEC and the CFTC, including a September 2026 comment letter on the agencies' joint request regarding the definition of "swap" and "security-based swap."

The brief is timely and will not delay resolution of the motion. ASA is submitting it one week after Plaintiff filed its complaint and motions and almost contemporaneously with the filing of Plaintiff's reply. The brief contains 3,931 words, well under half the limit for a party's memorandum under Rule 4.B.i of Your Honor's Individual Practices, and complies with the Court's formatting requirements. Also, if the Court convenes a preliminary injunction hearing, Defendants would have the opportunity to respond at that time.

No party or party's counsel authored the brief in whole or in part, and no person other than ASA, its members, or its counsel contributed money intended to fund its preparation or submission.

ASA respectfully requests that the Court grant leave and deem the attached brief filed.

Sincerely,

/s/ Molly Schindler

Molly Schindler (New York Bar No. 5118138)
KYNES, MARKMAN & FELMAN, P.A.
Post Office Box 3396
Tampa, FL 33601
(813) 229-1118
(813) 221-6750
mschindler@kmf-law.com
*Local Counsel for Interested Party the American Securities Association*

Thomas A. Burns
(*pro hac vice forthcoming*)
BURNS, P.A.
301 W. Platt St., Ste. 137
Tampa, FL 33606
(813) 642-6350
tburns@burnslawpa.com
*Counsel for Interested Party the American Securities Association*

cc: All Counsel of Record (via ECF)